**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In Re: } | |
| } | Case Number: 10-12969 |
| EVANS, Richard S. } | Chapter 13 |
|     SSN: xxx-xx-8261 } | |
| EVANS, Tina L } | |
|     SSN: xxx-xx-2651 } | |
|         Debtor(s). } | |

**FIRST AMENDED CHAPTER 13 PLAN**

**LENGTH OF PLAN:** 60 months.

**PLAN PAYMENT:** Debtor(s) shall pay $1,175.00 per month. The Trustee shall deduct the Trustee's preset percentage fee from each payment pursuant to 11 U.S.C. §1326(b)(2).

**DATE OF COMMENCEMENT:** Plan payments shall commence on or before, September 25, 2010, the 30th day from the filing of the Chapter 13 petition.

**PRIORITY CLAIMS:** (To be paid in full without interest)

| CLAIMANT | DESCRIPTION | CLAIM AMOUNT | MONTHLY PAYMENT AND HOW PAID |
|---|---|---|---|
| The Colpitts Law Firm | Legal Services | $200.00/hr. Counsel shall file an application for fees and costs after confirmation | 1-15 @ $200.00* |
| | | | |

*Counsel for Debtor(s) shall file a fee application within 15 days following confirmation of the Chapter 13 Plan. The Chapter 13 Trustee shall reserve these payments to be applied to the Court approved fee application of Debtor's counsel. If the fee application is for less than the $3,000.00 allocated above, the Trustee shall apply the difference to the unsecured creditors. ANY FEE APPLICATION SHALL COMPLY WITH 11 U.S.C. § 331, AND BANKRUPTCY RULE 2002.

**SECURED CLAIMS:** (Exclusive of home mortgages)
**Claims Not Entitled to Adequate Protection:**

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT AND HOW PAID |
|---|---|---|---|---|---|
| | | | | | |
| None | | | | | |
| | | | | | |

**Claims Entitled To Adequate Protection Pursuant To 11 U.S.C. §1326(a)(1)(C).** The following claimants are provided adequate protection in the form of a lien on each pre-confirmation plan

payment to the Chapter 13 Trustee in the payment amount stated below for each claimant, subject to the provisions of the Court's Misc. Order No. 162:

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT AND HOW PAID |
|---|---|---|---|---|---|
| BancFirst | $5,821.17 | 2003 Dodge Dakota | $5,821.17 | 6.5% | 1-10 @ $567.66<br>11 @ $329.06 |
| BancFirst | $1,969.00 | 1999 Mazda Miata | $1,969.00 | 6.5% | 1-8 @ $169.92<br>9 @ $156.16 |

Note: Secured creditors shall retain their liens to the extent of the value stated above in the Allowed Secured Claim column. The allowed secured claim of each secured creditor shall be the amount of the collateral, as indicated in the Allowed Secured Claim column, or the amount of the claim, whichever is less, with the balance of the claim as filed being allowed as an unsecured claim, and with the lien of the creditor being avoided on the unsecured portion pursuant to 11 U.S.C. Sec. 506(d).

**HOME MORTGAGE(S):** (Debtor's principal residence)

| CLAIMANT | DESCRIPTION | ALLOWED CLAIM AMOUNT | INTEREST RATE | MONTHLY PAYMENT AND HOW PAID |
|---|---|---|---|---|
| BAC | 1st Mtg | $95,885.60 | Contract | Paid direct to creditor by Debtor |
| Specialized Loan Servicing | 2nd Mtg | $22,057.50 | Contract | Paid direct to creditor by Debtor |
| | | | | |

**SPECIAL UNSECURED CLASS(ES):**

| CLAIMANT | DESCRIPTION | ALLOWED CLAIM AMOUNT | INTEREST RATE | MONTHLY PAYMENT AND HOW PAID |
|---|---|---|---|---|
| | | | | |
| None | | | | |

**PROPERTY TO BE SURRENDERED:** The following property shall be surrendered to the named claimant in full satisfaction of the secured claim stated below with the balance, if any, relegated to general unsecured status.

| CLAIMANT | DESCRIPTION | ALLOWED CLAIM AMOUNT | BALANCE RELEGATED TO UNSECURED |
|---|---|---|---|
| | | | |
| None | | | |

**LIEN AVOIDANCE(S):** The Debtor(s) shall file a separate Motion or Motions to avoid the liens or security interests of the following claimants pursuant to 11 U.S.C. §522(f) and the claim(s) of such claimant(s) shall be relegated to and treated as general unsecured claims below:

| CLAIMANT | RELEGATED AMOUNT |
|---|---|
| | |
| None | |

**UNSECURED CLAIMS:** All claims not specifically provided for above and those relegated to unsecured status above shall be paid as general unsecured claims, without priority, on a pro rata basis.

| | |
|---|---:|
| Unsecured Claims per Schedule F: | $66,481.20 |
| Claims Relegated to Unsecured Status: | $0.00 |
| IRS: | $0.00 |
| OTC: | $0.00 |
| Total Projected Unsecured Claims: | $66,481.20 |

Approximate Percentage Payback to Holders of Unsecured Claims:   79.61%

Note: The approximate payback to unsecured claims may be more or less depending on claims actually filed and allowed.

**OTHER PROVISIONS:**
1. **Property of the Estate.** All property of the estate under 11 U.S.C. §1306 shall be and remain property of the estate and all stays shall remain in force and effect until conclusion of the case or other Order of the Court.
2. **Claim Treatment.** All claims will be treated as set forth above unless a creditor objects prior to the confirmation hearing and files a claim within ninety (90) days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. §341(a). Governmental units must file claims within 180 days after the order for relief.
3. **Failure to File a Claim.** Unsecured Creditors without priority who fail to file a claim within the time stated in Paragraph 2 above, will not receive any distribution under this Plan.
4. **Secured Creditor Liens.** All secured creditors shall retain their liens until completion of the Plan, at which time, all secured creditors (with the exception of holders of long-term secured debts) shall release all liens.
5. **Debtor(s) Enjoined from Incurring Debt.** The above named Debtor(s) is/are enjoined from incurring any debts without prior approval of the Court, except such debts as may be necessary for emergency medical or hospital care.
6. **Postpetition Mortgage Payments.** Payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the debtors' mortgage account as if the account were current and no prepetition default existed on the petition date in the order of priority specified in the note and mortgage and applicable nonbankruptcy law. Postpetition installment payments made directly by the Debtor(s) in a timely manner under the terms of the note shall be applied and credited without penalty. No late charges, fees or other monetary amounts shall be assessed due to the timing of any payments made by the Trustee under the Plan.
7. **Postpetition Mortgage Payment Changes.** Holders and/or servicers of mortgage claims shall make adjustments to the ongoing installment payment amount as required by the note and mortgage and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable rate mortgage. Holders and/or servicers shall timely file in the case a notice of such payment adjustments and any shortage, deficiency or surplus in any escrow account, which reflects the new or adjusted payment amount and the effective date therefore.
8. **Change in Monthly Plan Payment Due to Change in Mortgage Payment(s).** Upon notice from the holders and/or servicers of mortgage claims of a change in the monthly payment, which is filed in the case, the Trustee is authorized to increase or decrease the Chapter 13 plan

payment to provide for each change without necessity of formal modification of the plan. This authorization shall include submitting amended wage deduction order(s) for entry by the Court. To be effective as to the Trustee, the notice of payment change must be filed in the case. The Trustee shall not be required to make retroactive payment changes and shall have the election of not making changes of $10.00 or less per month. Changes in the monthly mortgage payments shall be effectuated by the Trustee as soon as reasonably practicable after receipt of the notice of change. Nothing in this Plan shall prohibit the Debtor from making direct payments to the holders and/or servicers of mortgage claims to keep mortgage payments current until a change can be made by the Trustee, provided the Plan payments are current. Since it is contemplated that changes in monthly mortgage payments will be made without affecting any other party in interest, no further notice of such changes shall be required. Mortgage payments shall be made by the Chapter 13 Trustee in the ordinary course of Chapter 13 trusteeship business and no additional penalty or charges shall be assessed against the Debtor by reason thereof.

9. **Prepetition Mortgage Arrearages.** Payments disbursed by the Chapter 13 trustee for prepetition mortgage arrearage claims to holders and/or servicers of mortgage claims shall be applied and credited only to the prepetition arrearages necessary to cure the default, which shall consist of the arrearage amounts provided for in the confirmed plan. Holders and/or servicers of mortgage claims shall deem the prepetition arrearages as contractually current upon completion of the plan.

10. **Mortgage Current Upon Discharge.** The holder and/or servicer of a mortgage claim shall file in this bankruptcy case with the Bankruptcy Court Clerk and provide to the debtors, debtor's attorney and the Chapter 13 trustee a notice of any fees, expenses, or charges which have accrued during the bankruptcy case on the mortgage account and which the holder and/or servicer contend are 1) allowed by the note and security agreement and applicable nonbankruptcy law, and 2) recoverable against the debtors or the debtors' account. The notice shall be filed and sent annually, beginning with the holder and/or servicer's first annual reporting cycle after entry of the initial plan confirmation order, if no annual reporting cycle exists, then no later than 365 days following the entry of order for relief herein, and each year thereafter during the pendency of the case, with a final notice sent following the filing of the trustee's notice of plan completion. The failure of a holder and/or servicer to give such notice for any given year of the case's administration shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during that year, and the holder and/or servicer shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the debtors or the debtors' account during the case or after entry of the order granting a discharge. Unless the Court orders otherwise, an order granting a discharge in this case shall be a determination that all prepetition and postpetition defaults with respect to the debtors' mortgage account are deemed current and reinstated on the original payment schedule under the note and mortgage as if no default had ever occurred.

11. **Payment of or Objection to Noticed Fees, Expenses, or Charges.** If a notice of any fees, expenses, or charges is filed and noticed as provided herein, the Chapter 13 trustee shall be authorized, at his discretion, to pay the fees, expenses or charges. Should the Trustee elect to pay the fee, expenses or charges, he shall be authorized by this provision to increase the plan payment to provide for payment of the fees, expenses or charges unless the Debtor(s) files an objection to the fees, expenses, or charges within 30 days of the filing of the notice. Nothing in this provision shall require the Trustee to Pay the fees, expenses or charges, nor shall the

Chapter 13 trustee be required to give notice to the Debtor(s) of the trustee's election to not adjust the plan payment**.** If the Debtor(s) timely file an objection to the notice of any fees, expenses, or charges, the Chapter 13 trustee shall not adjust the plan payment until such objection is resolved by the Court. The failure of the Debtor(s) to file an objection to the notice of any fees, expenses, or charges within the 30 days shall not be deemed a waiver of any right, claim, or cause of action against the holder and/or servicer of a mortgage with regard to any fees, expenses or charges applied by the holder and/or servicer of a mortgage to the Debtor's(s') mortgage loan account. Any fees or costs properly filed and noticed which remain unpaid at the conclusion of the Chapter 13 plan payments shall remain due and owing and the Debtor(s) will not be deemed current until such amount is paid.

Dated: November 22, 2010

Respectfully Submitted,

*/s/ Greggory T. Colpitts*

_____
Greggory T. Colpitts, OBA No.: 14381
**The Colpitts Law Firm**
6506 South Lewis, Suite 175
Tulsa, OK  74136-1079
Phone: 918-747-9747
Fax:    918-747-1267
greg@colpittslawfirm.us
Attorney for Debtor(s)